ment for the State continued; that appellant's counsel considered a remark of the State's Attorney to be improper and desired to object thereto and have the jury instructed to disregard the remark; and, finally, that appellant was deprived of a ruling on his objection and motion because of the absence of the trial judge.

Recently, in Gasway v. State, Tex.Cr. App., 248 S.W.2d 942, it was alleged that the judge had gone to sleep during the interrogation of a witness. The statement of facts in that case gave us an accurate picture of everything that occurred during the moment of inattentiveness, and we found therefrom that nothing had transpired that would cause injury to appellant.

Here, however, we conclude that the accused has been deprived of a valuable right to have an impartial arbiter present to rule on his objections and that the cause must be reversed because of such deprivation.

Judgment reversed and cause remanded.

### TINSLEY v. STATE.
No. 26018.

Court of Criminal Appeals of Texas.
Nov. 5, 1952.

### TATE v. STATE.
No. 26017.

Court of Criminal Appeals of Texas.
Nov. 5, 1952.

No attorney on appeal for appellant.
Elmer McVey, County Attorney, Fairfield, George P. Blackburn, State's Atty., Austin, for the State.

GRAVES, Presiding Judge.

The conviction is for the unlawful sale of intoxicating liquor in a dry area. The punishment assessed is a fine of $1,000 and confinement in the county jail for 183 days.

All matters of procedure appear regular. The record is before us without a statement of facts or bills of exception, in the absence of which no question is presented for review.

The judgment is affirmed.